UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW MARETZ,<br><br>Plaintiff,<br><br>v.<br><br>REY E. GRABATO,<br><br>Defendant. | Civil Action No. 22-04045 (JXN) (LDW)<br><br>**MEMORANDUM AND ORDER** |

NEALS, District Judge

This matter has been opened to the Court by Plaintiff Andrew Maretz ("Plaintiff") on a motion for default judgment against Defendant Rey E. Grabato ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b). (ECF No. 8.) The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's motion for default Judgment is **DENIED**.

Plaintiff filed this breach of contract action on June 16, 2022. (ECF No. 1, Complaint ("Compl.").) Plaintiff served a copy of the Complaint and Summons on Defendant on June 24, 2022, by leaving copies "at the Defendant's apartment door." (ECF No. 6.) Defendant's Answer was due July 15, 2022. (*Id.*) On July 22, 2022, the Clerk of the Court entered default against Defendant, based upon the failure of Defendant to plead or otherwise defend. Plaintiff now moves for default judgment against Defendant. (ECF No. 8.)

Rule 55 allows for the entry of default against a party that fails to plead or otherwise defend claims asserted against it. Fed. R. Civ. P. 55. The "or otherwise defend" clause allows a court to enter default judgment "because a party has failed to comply with a court's orders, file a pretrial

memorandum or respond to discovery requests" and when a party "fail[s] to appear at a conference after filing an answer." *Jeweled Cross Co. v. Buy-Rite Designs, Inc.*, No. 08-1821, 2010 WL 143689, at *2 (D.N.J. Jan. 12, 2010) (internal citations omitted).

"The entry of a default judgment is largely a matter of judicial discretion." *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008). This discretion, however, "'is not without limits," as the Third Circuit has repeatedly explained that cases should be decided on the merits when practicable. *Id.* (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir.1984)). Accordingly, in entering a default judgment, a court must determine whether (1) it has personal and subject matter jurisdiction; (2) the defendants were properly served; (3) the complaint sufficiently pleads a cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 WL 4508413, at *1 (D.N.J. July 24, 2015). Additionally, a court must determine the appropriateness of default judgment by weighing (1) the prejudice suffered by the party seeking default judgment; (2) whether the party subject to the default has a meritorious defense; and (3) the culpability of the party subject to default. *Id.* at *2.

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir. 1985)). Under the Federal Rules of Civil Procedure, an individual must be served by (1) delivering a copy of the summons and complaint to the individual personally, (2) "leaving a copy of each with someone of suitable age and discretion who resides there, or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). An individual may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* Further, under New Jersey law, an individual must be served personally, or by leaving

a copy of the summons and complaint at the individual's dwelling or place of usual abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf. New Jersey Court R. 4:4-4(a)(1). Plaintiff has the burden of establishing that service was proper. *Reddy v. MedQuist, Inc.*, No. CIV 06-4410(RBK/AMD), 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009)

Here, Plaintiff purports to have served Defendant by leaving a copy of the Amended Complaint and Summons "at the Defendant's apartment door...." (ECF No. 6.) However, this service does not comply with either Rule 4 or the New Jersey Court Rules for service of an individual. Consequently, the Court finds that Plaintiff did not properly serve Defendant, the Court lacks personal jurisdiction over Defendant, and the Clerk's entry of default against him must be vacated.

Accordingly, for the reasons stated herein,

**IT IS** on this 26th day of April, 2023,

**ORDERED** that Plaintiff's motion for default judgment (ECF No. 8) is **DENIED**; it is further

**ORDERED** that the default entered by the Clerk's Office on July 22, 2022, is vacated as to Defendant Rey E. Grabato; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from the date of this Order to effect proper service of the Complaint and Summons on Defendant Rey E. Grabato.



JULIEN XAVIER NEALS
United States District Judge